M. F. DE GRAFFENRIED v. A. RICE, ET AL.

**Recovery on Attachment Bond.**

    Where an attachment is levied in June and held until the following January when the suit was dismissed and during that period some of the property was injured and lost the bondsmen are liable for such damages.

APPEAL FROM LYON CIRCUIT COURT.

December 6, 1879.

OPINION BY JUDGE HINES:

As we understand the judgment of the court below it is found as a fact that there was sufficient cause for obtaining the attachment, but that appellants are liable for the damages resulting from holding the property under the attachments for a length of time not justified by the circumstances.

The evidence shows that the attachment was held over the property from the 30th day of June, 1876, until the 8th day of January, 1877, at which time appellant dismissed his action, without a disposition of the attachment the grounds for which had been controverted, upon the supposition that the court in which the action was pending had no jurisdiction. The logs attached were liable to injury and loss, and were injured and some of them lost by reason of continuing the attachment longer than appellant was justified in doing. But whether that be the case or not we think is immaterial. The dismissal of the action after the grounds are controverted is equivalent to an adjudication that the attachment was improperly obtained, and renders the parties to the bond liable for such damages as may have been suffered by suing out the attachment. That the order dismisses without prejudice should not be allowed to affect the question as to whether the attachment was wrongfully obtained. The issue was made as to whether the attachment had been wrongfully obtained, and the defendant in the attachment had the right to a disposition of that question in the forum selected by the plaintiff, and the plaintiff's failure to have the court pass upon it in terms is a waiver of the right to raise that question in another court.

This is upon the supposition that the court had jurisdiction to try the question. If the court had no jurisdiction to grant the attachment and to adjudicate the rights of the parties then the process issued by the court will not protect the parties. The whole proceeding is void, and the attachment was manifestly wrongfully obtained, and the bondsmen are liable for all damages resulting from the issuance and levy of the attachment.

In any aspect of the case we think it manifest that the conclusion of the court below is correct, and that the judgment should be *affirmed*.

*J. B. Husbands, for appellant.*